Feed J. Munder, J.
This is an action to foreclose a mortgage made by the defendant Infanta Construction Corporation (hereinafter referred to as Infanta) on the 21st day of February, 1957, to the plaintiff in the sum of $15,000 which was duly recorded and filed in the office of the Registrar on the 6th day of March, 1957. The defendants, La Guerra, by virtue of a mortgage in the amount of $7,000 bearing the same date of execution by the same corporation, claim a prior and superior lien and demand that the mortgage of the plaintiff herein be adjudged subordinate and subject thereto.
It is undisputed that, prior to the closing of the plaintiff’s mortgage, the defendants, La Guerra, executed and delivered a deed covering the premises subject of this action to the defendant Infanta together with a duplicate certificate of title covering that portion of the premises the title to which was registered under article 12 of the Real Property Law. These documents were presented to the title company at the time of the closing of the plaintiff’s mortgage transaction. The making, execution and delivery of the mortgage sought to be foreclosed herein is conceded.
The defendants, La Guerra, claim that at the time of the conveyance of the premises to Infanta they were advised by their attorney that they were to receive a purchase-money mortgage in the sum of $7,000 which was to be immediately recorded. Instead, this mortgage was, on its face, made subject and subordinate to the plaintiff’s mortgage and was not recorded until May 28,1957. It is these defendants’ contention that the plaintiff is not a subsequent purchaser in good faith within the meaning of sections 290 and 291 of the Real Property Law; that the circumstances were such as to demand that the plaintiff make *969 further investigation which would have put it on notice as to the nature of the transaction between the La Guerras and Infanta; that, instead, the plaintiff relied solely upon the representations of Infanta and its attorney.
There are nowhere in the pleadings any allegations of fraud, directly or indirectly, on the part of the plaintiff, or of any actual notiec on its part of the mortgage transaction between the La Guerras and Infanta; nor was any testimony to that effect introduced. In consequence thereof I will at this time grant the plaintiff’s motion to strike any testimony that was adduced concerning conversations between the La Guerras, their attorney and Infanta out of the presence of the plaintiff, and that testimony will be disregarded.
It is clear from the evidence that the plaintiff had no knowledge that the defendant Infanta had executed a mortgage to the La Guerras covering the same premises. The plaintiff relied, not only upon the representations of Infanta and its attorney, but upon the certification of the title company that title to the entire premises was vested in Infanta.
I do not find the circumstances to be such as to have necessitated the making of any inquiry to discover the facts constituting the alleged fraud perpetrated by Infanta and defendants’ attorney. “ The question is not whether [the plaintiff] could have discovered the existence of any fraud by any inquiry; but it is whether, acting as an ordinarily prudent person would have done, [the plaintiff] was called upon, under the circumstances, to make inquiry ”. (Anderson v. Blood, 152 N. Y. 285, 295.)
Therefore I find the plaintiff herein to have been an innocent purchaser for value whose mortgage as against that of the defendants La Guerra, is a prior and superior lien.
Submit findings of fact and conclusions of law and let judgment be entered accordingly.